IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SARAH A. HINTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0311-WS-M |
| | ) |
| WYETH a/k/a WYETH, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court on the parties' Stipulation Regarding Extension of Time to Answer (doc. 5). This action was initiated via Complaint (doc. 1) filed by plaintiff Sarah Hinton on May 17, 2006 against defendants Wyeth, Wyeth Pharmaceuticals, Inc., Pfizer, Inc., Pharmacia & Upjohn Company, Greenstone, Ltd., and Watson Laboratories, Inc. On June 6, 2006, plaintiff and three of the six named defendants (specifically, Pfizer, Pharmacia, and Greenstone) filed a Stipulation purporting to extend the time for those defendants to answer for a period of 60 days following the effective date of transfer of this action by the Panel on Multidistrict Litigation "or as otherwise directed by the MDL Court." This Stipulation does not purport to request any relief from or action by this Court.

    The parties' filing appears to overlook the fact that mere stipulation by the parties is insufficient to extend a deadline in federal court. Rather, the parties must seek and obtain the Court's approval to enlarge the time period for filing responsive pleadings. *See*, *e.g., Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942) (rules of civil procedure require court approval to effectuate a stipulation extending time to answer); *In re Lease Oil Antitrust Litigation No. II*, 48 F.Supp.2d 699, 707 (S.D.Tex.1998) (same). One court succinctly explained the reason for this procedural requirement as follows: "Professional comity having the effect of lengthening lawsuits cannot be allowed to interfere with the overall purpose of the Rules, namely the just, speedy, and inexpensive determination of actions." *Gray v. Lewis & Clark Expeditions, Inc.*, 12 F. Supp.2d 993, 995 (D. Neb. 1998). The parties' Stipulation

(sans any request for formal extension of the Rule 12 deadline by this Court) appears in derogation of these principles.

This Court's practice is not to allow cases potentially destined for MDL transfer to remain dormant on its docket in the interim unless the attendant circumstances warrant a stay of all proceedings.  *See, e.g., Betts v. Eli Lilly and Co.*, --- F. Supp.2d ----, 2006 WL 1523060 (S.D. Ala. June 5, 2006) (ruling on motion to remand rather than staying action pending transfer to MDL).  There has been no motion to stay filed in this action, nor has the Court received a copy of any motion filed with the MDL panel by any party seeking transfer of this action.  *See* 28 U.S.C. § 1407(c)(ii).  Without a responsive pleading, neither the undersigned nor any transferee court can possibly know what issues are properly joined in this action.  The Court perceives no benefit to the parties or to the virtues of efficiency, judicial economy and timely resolution of disputes to allowing this action to remain in limbo without so much as a responsive pleading for 60 days following the effective date of any transfer to the MDL.  That could take months, potentially stretching out the time for a responsive pleading until this fall, or even later.  Even if transfer is promptly granted, such a delay will needlessly slow the progress of this action before the transferee court.  The parties make no representations or suggestions that such a massive prolonged delay is reasonably necessary to allow defendants a reasonable opportunity to investigate plaintiff's claims or to prepare a responsive pleading.

For all of these reasons, it is hereby **ordered** that defendants Pfizer, Pharmacia and Greenstone must file an answer or other responsive pleading on or before **July 10, 2006**.  Plaintiff is further ordered to file return of service as to defendants Wyeth, Wyeth Pharmaceuticals, and Watson promptly upon perfecting service of process on them so that the Court may track the Rule 12 deadlines for those entities.  (*See* Service Order (doc. 4).)

DONE and ORDERED this 12th day of June, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE